UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIE F. RAYMUS and CHARLENE MARIE PARRA,<br><br>    Defendants. | Case No. 2:16-cv-2231 (WHO)<br><br>**ORDER FOR CASE REASSIGNED TO VISITING JUDGE ORRICK AND SETTING INITIAL CASE MANAGMENT CONFERENCE** |

This case has been reassigned to the Hon. William H. Orrick of the Northern District of California, who is serving as a visiting judge in the Eastern District of California.

**Governing Rules and Procedures**

The Eastern District of California Local Rules will govern this case, including EDCA Local Rule 271 (Voluntary Dispute Resolution Program), with the following exceptions:

<u>Judge Orrick's Standing Order</u>

Counsel should review and follow Judge Orrick's Standing Order for Civil Cases, available at https://cand.uscourts.gov/whoorders "Judge Orrick's Standing Order Civil."

<u>Access Cases under the ADA</u>

The Northern District of California's General Order No. 56, governing Americans with Disabilities Act Access Litigation shall apply to this case. A copy of that General Order is attached and can also be found at https://cand.uscourts.gov/generalorders.

<u>Noticed Motions and Hearings</u>

Law and Motion hearings will generally be held for the Eastern District cases on **Wednesdays at 1:30 p.m**. To reserve a hearing date, contact Judge Orrick's Courtroom Deputy Jean Davis at 415-522-7171 or jean_davis@cand.uscourts.gov. Parties will be expected to appear telephonically for any hearing, unless both sides agree to appear in person in San Francisco and

inform Courtroom Deputy Jean Davis of their intent to appear. Prior to the hearing, Judge Orrick may determine that a matter is appropriate for resolution on the papers and may vacate the hearing date.

Motions shall be noticed for hearing at least 35 days before the proposed hearing date. Any opposition to the motion shall be filed no later than 14 days after the motion was filed. Any reply shall be filed no later than 7 days after the opposition and in no event less than 14 days prior to the noticed hearing date.

Discovery

If a discovery dispute arises, counsel shall follow Judge Orrick's Joint Discovery Letter procedure, described in detail in his Standing Order. https://cand.uscourts.gov/whoorders "Judge Orrick's Standing Order Civil." EDCA Local Rules 251 and 302(c) do not apply to this case.

EDCA Local Rule 302(c)

EDCA Local Rule 302(c)'s designation of motions to be resolved by a Magistrate Judge does not apply in this case. Matters may be referred to a Magistrate Judge by Judge Orrick on a case-by-case basis.

Proposed Orders and Requests to Seal

All proposed orders and requests to seal required under the EDCA Local Rules shall be emailed to WHO_po@cand.uscourts.gov. For requests to seal, the request to seal, the proposed order, and all documents covered by the request shall be emailed in electronic form to WHO_po@cand.uscourts.gov. Do not file requests to seal or documents covered by requests to seal in paper at the EDCA or NDCA courthouses.

**Initial Case Management Conference**

A Case Management Conference will be held in this case on **January 17, 2017 at 3:00 p.m.** Parties will be expected to appear telephonically, unless both sides agree to appear in person in Judge Orrick's courtroom in San Francisco and notify Courtroom Deputy Jean Davis of their intent to appear. The parties' Case Management Conference Statement shall follow the form of and address the issues specified in the Standing Order for All Judges of the Northern District of California (for Case Management). A copy of that Standing Order can be found at

https://cand.uscourts.gov/whoorders "Standing Order for All Judges of the Northern District of California."

**IT IS SO ORDERED**.

Dated:  October 13, 2016



WILLIAM H. ORRICK
United States District Judge

<u>GENERAL ORDER No. 56</u>

<u>AMERICANS WITH DISABILITIES ACT ACCESS LITIGATION</u>

In any action which asserts denial of a right of access protected by Titles II or III of the Americans with Disabilities Act, 42 USC §§ 12131-89, pursuant to Federal Rule of Civil Procedure 16, the Court ORDERS that the following shall apply:

1.   Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff shall forthwith complete service on all necessary defendants. A plaintiff who is unable to complete service on all necessary defendants within 63 days may, prior to the expiration of that period, file a Motion For Administrative Relief pursuant to Civil Local Rule 7-11 requesting an extension of the schedule required by this Order.

2.   Initial disclosures required by Federal Rule of Civil Procedure 26(a) shall be completed no later than 7 days prior to the joint inspection and review required by ¶3. For example, in a Title III action, if defendant intends to dispute liability based on the construction or alteration history of the subject premises, defendant shall disclose all information in defendant's possession or control regarding the construction or alteration history of the subject premises. In a Title II action, if defendant intends to dispute liability based on overall programmatic compliance, a transition plan, or a self-evaluation plan, defendant shall disclose all information in defendant's possession or control regarding such programmatic compliance, transition plan, or self-evaluation plan. If plaintiff claims damages under California law, plaintiff shall include in the initial disclosures the damages computation required by Rule 26(a)(1)(A)(iii), but need not include attorney's fees and costs. All other discovery and proceedings are STAYED unless the assigned judge orders otherwise. Notwithstanding any other provision of this General Order, any dispute concerning the adequacy of the Rule 26(a) disclosures may be submitted to the court under Civil Local Rule 7.

3.   No later than 105 days after filing the complaint, the parties and their counsel, accompanied by their experts if the parties so elect, shall meet in person at the subject premises. If plaintiff alleges only programmatic or policy violations, the parties and their counsel may meet in person at any mutually agreeable location. They shall jointly inspect the portions of the subject premises, and shall review any programmatic or policy issues, which are claimed to violate the Americans with Disabilities Act.

4.   At the joint inspection and review required under ¶3, or within 28 days thereafter, the parties, and their experts if the parties so elect, shall meet in person and confer regarding settlement of the action. The meet and confer obligation cannot be satisfied by telephone or by exchanging letters. At the conference, the parties shall discuss all claimed access violations. Plaintiff shall specify all claimed access violations and the corrective actions requested of defendant. With respect to each claimed violation, defendant shall specify whether defendant is willing to undertake the requested corrective actions or has an alternate proposal. If defendant claims any proposed corrective action is not readily achievable under Title III or otherwise required by law, defendant shall specify the factual basis for this claim.

5.   This General Order does not require any party to engage an expert. In simpler cases it may be possible for parties to reach agreement regarding corrective actions without engaging

experts, or without the preparation of written expert reports. If written expert reports are prepared, they shall be exchanged. In a case which the parties conclude would benefit from expert assistance, the Court encourages the parties to jointly engage an expert.

    6.   If the parties reach a tentative agreement on injunctive relief, plaintiff shall forthwith provide defendant with a statement of costs and attorney's fees incurred to date, and make a demand for settlement of the case in its entirety (including any additional damages not included in the Rule 26(a) disclosures). Plaintiff should not require execution of a formal agreement regarding injunctive relief as a precondition to providing defendant with the statement of costs and attorney's fees, and additional damages. If requested by defendant, plaintiff should provide documentation and support for its attorney's fees similar to what an attorney would provide in a billing statement to a client.

    7.   If within 42 days from the joint site inspection and review, the parties cannot reach an agreement on injunctive relief, or cannot settle the damages and fees claims, plaintiff shall file a "Notice of Need for Mediation" in the form set forth on the Court's ADR Internet site, cand.uscourts.gov/adr and on the ECF website, cand.uscourts.gov/ecf.  The matter will then be automatically referred to mediation and the ADR Program will arrange for a mediation session to be scheduled as soon as feasible, and in no event later that 90 days from the date the Notice of Need for Mediation is filed, unless otherwise ordered by the assigned judge. The mediator shall have the authority to preside over settlement negotiations that address all issues presented by this matter, including requests for injunctive relief, damages and attorney's fees. Should a settlement be reached, the mediator shall ensure that the parties make a written or audio record of the essential terms of the settlement sufficient to permit any party to move to enforce the settlement should it not be consummated according to its terms. Should any settlement be conditioned upon future conduct such as remediation, the assigned judge will retain jurisdiction to enforce that component of the settlement.

    8.   If the case does not resolve at mediation within 7 days of the mediator's filing of a Certification of ADR Session reporting that the mediation process is concluded, plaintiff shall file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11 requesting a Case Management Conference.

    9.   Any party who wishes to be relieved of any requirement of this order or to adjust the schedule set forth herein may file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11.

ADOPTED:    June 21, 2005  
AMENDED:    February 17, 2009  
AMENDED:    November 5, 2009  
AMENDED:    May 29, 2012  

FOR THE COURT:

DATE: April 17, 2013 *nunc pro tunc* May 29, 2012

*[signature: Claudia Wilken]*

CLAUDIA WILKEN  
CHIEF JUDGE